UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NATHAN KRAS, ) | | |
|     Plaintiff/Judgment Creditor, ) | | |
| ) | | |
| v. ) | CAUSE NO.:2:16-CV-224-JD-JEM | |
| ) | | |
| CONIFER INSURANCE COMPANY, ) | | |
|     Garnishee-Defendant, ) | | |
| _____) | | |
| ) | | |
| CONIFER INSURANCE COMPANY, ) | | |
|     Counter Claimant, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| NATHAN KRAS, ) | | |
|     Counter Defendant. ) | | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses [DE 21], filed by Plaintiff Nathan Kras on July 27, 2016. Garnishee-Defendant Conifer Insurance Company has responded, and Kras has replied.

**I.   Background**

In September 2013, Nathan Kras was shot in the leg and abdomen outside a Hammond, Indiana nightclub. Two years later, in September 2015, Kras sued the nightclub and its owners in state court, alleging negligence. The nightclub owners had insurance with Conifer Insurance Company, but Conifer denied the nightclub owners' request for coverage for the attack. In Conifer's view, the policy provided coverage for the nightclub property only, not for the adjoining gravel parking lot where Conifer said the attack occurred.

The state court litigation proceeded without Conifer's involvement. The insureds fairly quickly agreed to a consent judgment by which they admitted negligence and admitted to all 28

admissions requests. The state court entered judgment against the insureds for $2,955,056—the amount of damages identified in the consent judgment and in the admissions requests.

Having received judgment in his favor, in April 2016 Kras filed a motion for a proceeding supplemental. Kras sought to garnish $2,955,056 from Conifer in satisfaction of the state court judgment against the insureds. Conifer removed the case to federal court.

Conifer has asserted several affirmative defenses, and Kras now asks the Court to strike Affirmative Defenses #5, #7, #8, #11, and #12.

## II.     Analysis

The Court may strike from a pleading "an insufficient defense." Fed. R. Civ. P. 12(f). Motions to strike are disfavored, because they "potentially serve only to delay," but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Conifer argues that Kras's motion to strike is premature, because Conifer has not yet had a chance to conduct discovery. But striking an affirmative defense before the parties conduct discovery is not premature if the affirmative defense is clearly insufficient. *See, e.g., Spell v. McDaniel*, 591 F. Supp. 1090, 1113 (E.D.N.C. 1984) (granting motion to strike where, "even accepting as true the facts alleged by defendants as the basis for their immunity defenses, [the affirmative defenses] are clearly insufficient as a matter of law"); *Forker v. Wm. Wrigley Jr. Co.*, No. 92-858, 1992 U.S. Dist. LEXIS 11978, *14 (N.D. Ill. Aug. 3, 1992) (striking some affirmative defenses and staying a ruling on the remaining affirmative defenses pending "complet[ion of] sufficient discovery"). So the Court will not deny wholesale Kras's motion to strike; rather, the Court will assess sufficiency of the challenged affirmative defenses individually. And if the

2

sufficiency of a particular defense depends on a disputed question of fact or law, the Court will deny the motion to strike with respect to that defense. *See Index Fund v. Hagopian*, 107 F.R.D. 95, 100 (S.D.N.Y. 1985) ("If the sufficiency of [a] defense depends upon disputed questions of fact or law, then the motion to strike will be denied.").

### A. Affirmative Defense #5

Conifer's Affirmative Defense #5 asserts that Kras's claims may be limited because Kras may have "other insurance" that covers Kras's loss.

Kras says that, under Indiana's "collateral source rule," compensation for a loss that a plaintiff receives from a collateral source cannot be an affirmative defense. And Kras is correct that Indiana's collateral source rule generally holds that a defendant cannot reduce a plaintiff's damages by pointing to compensation the plaintiff received from a collateral source such as insurance. *Aldridge v. Abram & Hawkins Excavating Co.*, 474 N.E.2d 107, 108 (Ind. Ct. App. 1985) ("Evidence of benefits from a collateral source tends to prejudice the jury and influence its verdict not only as to damages but also as to liability."); *accord Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009); *see also* Indiana Code § 34-44-1-2.

Conifer agrees that it cannot introduce evidence of payments received by Kras from sources made exempt by the collateral source rule. But Conifer says that it should be allowed to introduce evidence of any other insurance or collateral source payments that are *not* covered by collateral source rule. And Conifer is correct that the collateral source rule bars using evidence of certain payments to reduce damages awards while leaving the door open to allowing evidence of other payments. But one of the types of payments that is specifically barred is payments that result "from the victim's own foresight." *Stanley*, 906 N.E.2d at 855 ("The purpose of the collateral source statute

3

is to determine the actual amount of the prevailing party's pecuniary loss and to preclude that party from recovering more than once . . . . [while] retain[ing] the common law principle that collateral source payments should not reduce a damage award *if they resulted from the victim's own foresight*") (emphasis added). The classic example of a payment that results from the victim's own foresight is an insurance payment, and here "insurance" is precisely the payment that Conifer's Affirmative Defense #5 asserts may limit Kras's recovery in this case. *See* Affirmative Defense #5 ("The claims against Conifer may be limited because *Plaintiff may have other insurance* that covers the claimed loss.") (emphasis added). So the Court agrees with Kras that allowing Conifer to raise an affirmative defense relating to Kras's insurance payments would violate the collateral source rule.

Conifer argues that the affirmative defense should stand because discovery may yet reveal the existence of "other insurance or collateral source payments" not barred by the collateral source rule, such as "benefits from any excess insurance policy." But without any factual basis, an affirmative defense is improper. *See, e.g., Gomez v. J. Jacobo Farm Labor Contr., Inc.*, No. 15-1489, 2016 U.S. Dist. LEXIS 66922, *9 n.2 (E.D. Cal. May 19, 2016) ("[Defendant] suggests that it should be permitted to plead affirmative defenses without any factual basis and then provide the factual basis, if any, during discovery. [This] suggestion would make an end-run around Rule 8 and Rule 15(a)(2) of the Federal Rules of Civil Procedure. If a defendant can allege no facts in support of a defense, that defendant must not plead it. If a defendant later discovers facts that might indicate that an affirmative defense might apply, it may seek leave to amend to add that affirmative defense."). Here, there appears to be no factual basis for the proposition that Kras received insurance payments that would not be barred by the collateral source rule.

In sum, the Court finds that Affirmative Defense #5 is insufficient and should be stricken.

### B. Affirmative Defense #7

Conifer's Affirmative Defense #7 asserts that Kras's claims are barred because Conifer acted in good faith.

Kras argues that whether Conifer acted in good faith has no relevance to this controversy; Kras has not sued Conifer for bad faith, or even for any contractual breach.

Conifer argues that Kras "appears to turn a blind eye to the numerous 'bad faith' allegations he has made against Conifer throughout these proceedings supplemental." Conifer cites Kras's motion to strike, in which Kras repeatedly describes Conifer as having "abandoned" its insureds in the underlying litigation. But the characterizations in Kras's motion to strike are not "claims" against Conifer; the issue in this proceeding supplemental is whether Conifer owed coverage to its insureds, not whether Conifer acted in bad faith with respect to its insureds. Conifer says that a "cautious pleader" will often "err on the side of labeling an argument a defense," and that the Court should not penalize such a mistaken pleading by striking it. *In re Sender*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). But where an affirmative defense has no relevance to the issues in the case, the Court properly "remove[s] unnecessary clutter" from the case by striking it. *Heller v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). So the Court agrees with Kras that the affirmative defense is insufficient and should be stricken.

### C. Affirmative Defense #8

Conifer's Affirmative Defense #8 asserts that Kras's claims may be limited because Kras may have failed to mitigate his damages.

Kras says that an insurer's abandonment of its insured binds it to the matters necessarily determined in the underlying lawsuit. *State Farm Fire & Cas. Co. v. T.B.*, 762 N.E.2d 1227, 1230-31 (Ind. 2002). Indeed, such an insurer is generally estopped from contesting the insured's fault or the nature or amount of the plaintiff's damages. *Id.*; *Midwestern Indemn. Co. v. Laikin*, 119 F. Supp. 2d 831, 842 (S.D. Ind. 2000). So, Kras says, while the nightclub owners—Conifer's insureds—whom Kras sued in state court could have argued that Kras failed to mitigate his damages, Conifer may not do so now.

The Court agrees with Kras. Although the state court judgment in Kras's favor is not unreviewable—Conifer will not be bound to it if the Court finds the judgment amount was unreasonable or was the product of bad faith or collusion—Conifer is not entitled to litigate the question of whether Kras failed to mitigate his damages. That was a question to be resolved in the state court proceeding. In this case, the question is whether Conifer owed coverage to its insureds. If the answer is yes, then Conifer will be bound to the state court judgment unless it was unreasonable or was the product of bad faith or collusion. *Laikin*, 119 F. Supp. 2d at 842; *Carpenter v. Lovell's Lounge & Grill, LLC*, 59 N.E.3d 330 (Ind. Ct. App. 2016). So the Court finds that Affirmative Defense #8 is insufficient and should be stricken.

### D. Affirmative Defense #11

Conifer's Affirmative Defense #11 asserts that Conifer is not bound by the state court judgment because the amount is unreasonable. Kras argues that there is no need to assess the state court judgment's reasonableness because Conifer neither defended its insureds under a reservation of rights nor filed a declaratory judgment action to determine its coverage obligations. Kras also argues that the insureds' failure to respond to Kras's admissions requests in the state court case

6

conclusively established the state court judgment's reasonableness. But the Court rejected both of Kras's arguments in its Opinion and Order of November 23, 2016 [DE 33]. *See generally Laikin*, 119 F. Supp. 2d 831; *Carpenter*, 59 N.E.3d 330. The Court need not revisit the issue here. Affirmative Defense #11 stands.

### E. Affirmative Defense #12

Conifer's Affirmative Defense #12 asserts that Conifer is not bound by the state court judgment because the state court judgment was the product of bad faith, fraud, or collusion. Kras repeats here the arguments described in Section D, above, which the Court need not address for the same reasons. Kras also argues that Conifer will not be able to "show any deliberate concealment or misrepresentations or explicit knowing agreements between the Insureds and Kras to impose unfair terms on Conifer." Kras may be right, but the question is one for summary judgment. Affirmative Defense #12 stands.

## III. Conclusion

For the reasons above, the Court **GRANTS in part** and **DENIES in part** Kras's Motion to Strike Affirmative Defenses [DE 21]. The Court **STRIKES** Conifer's Affirmative Defenses #5, #7, and #8. The Court declines to strike Conifer's Affirmative Defenses #11 and #12.

SO ORDERED this 30th day of November, 2016.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record