**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| NATHAN KRAS, | ) | |
|     Plaintiff/Judgment Creditor, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:2:16-CV-224-JD-JEM |
| | ) | |
| CONIFER INSURANCE COMPANY, | ) | |
|     Garnishee-Defendant, | ) | |
| _____ | ) | |
| | ) | |
| CONIFER INSURANCE COMPANY, | ) | |
|     Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATHAN KRAS, | ) | |
|     Counter Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Reconsider and Alternative Motion to Certify Question to the Indiana Supreme Court [DE 35], filed by Plaintiff Nathan Kras on November 30, 2016. Kras asks the Court to reconsider its Opinion and Order of November 23, 2016 [DE 33], or in the alternative to certify a relevant insurance law question to the Indiana Supreme Court.

Garnishee-Defendant Conifer Insurance Company has responded, urging the Court not to reconsider its November 23 Opinion and Order and not to certify any question to the Indiana Supreme Court. Kras has not replied, and the time to do so has passed.

**I.    Background**

In September 2013, Nathan Kras was shot in the leg and abdomen outside a Hammond, Indiana nightclub. Two years later, in September 2015, Kras sued the nightclub and its owners in state court, alleging negligence. The nightclub owners had insurance with Conifer Insurance Company, but Conifer denied the nightclub owners' request for coverage for the attack. In Conifer's

view, the policy provided coverage for the nightclub property only, not for the adjoining gravel parking lot where Conifer said the attack occurred.

The state court litigation proceeded without Conifer's involvement. In March 2016, Kras served 28 admissions requests on the nightclub owners—the Court will refer to them as the insureds—regarding the nature, extent, and amount of Kras's injuries and damages, the location of the attack, and the insureds' fault with respect to the attack. The insureds fairly quickly agreed to a consent judgment by which they admitted negligence and admitted to all 28 admissions requests. The state court entered judgment against the insureds for $2,955,056—the amount of damages identified in the consent judgment and in the admissions requests.

Having received judgment in his favor, in April 2016 Kras filed a motion for a proceeding supplemental. Kras sought to garnish $2,955,056 from Conifer in satisfaction of the state court judgment against the insureds. Conifer removed the case to federal court.

On July 20, 2016, Kras filed a motion for summary judgment. At the time, neither party had conducted any discovery. But two days later, on July 22, 2016, Conifer served interrogatories and document production requests on Kras.

Conifer then sought to extend its deadline for responding to Kras's summary judgment motion until 30 days after the completion of discovery and the resolution of any discovery disputes. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows [that] it cannot present facts essential to justify its opposition [to summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time . . . to take discovery; or (3) issue any other appropriate order.").

The Court granted Conifer's motion and stayed Conifer's summary judgment response deadline until 30 days after the close of discovery or the resolution of any discovery disputes,

whichever comes later. *See* DE 33. The Court held that the state court judgment did not necessarily resolve that the attack on Kras occurred on the insureds' property. The state court complaint was drafted in a way that invited a verdict in Kras's favor even if the attack occurred on the portion of the nightclub's parking area that Conifer says is not owned by the insureds, and the state court judgment did not include any factual findings on the issue. So because the Court found that the precise location of the attack was not "necessarily resolved" by the state court judgment, the Court ruled that Conifer is entitled to discovery on the issue of the attack's location.

Kras argued that the attack's location had been established as a matter of law by virtue of the insureds' failure to respond to Kras's state court admissions requests, in which Kras had asked the insureds to admit that Kras was attacked on the insureds' premises. The insureds' failure to answer, Kras argued, meant that that fact was admitted and therefore conclusively established.

The Court agreed that, in general, failing to respond to requests for admission causes those matters to be admitted and conclusively established by law. Indiana Trial Rule 36; *Henrichs v. Pivarnik*, 588 N.E.2d 537, 543 (Ind. Ct. App. 1992). But the Court disagreed that the insureds' failure to respond to Kras's admissions requests meant that the attack's location was conclusively established for the purpose of this proceeding supplemental against Conifer:

> [W]hile the failure to respond to the requests for admission may have bound the insureds going forward, Kras has not cited—and the Court has not found—authority supporting the proposition that the failure to respond binds Conifer or overrules the collateral estoppel analysis described [earlier in the Court's Opinion and Order]. An insurer that abandons its insured as Conifer did here will be bound to issues necessarily determined in the underlying litigation, and as the Court has explained the question of the attack's precise location was not necessarily determined.

DE 33 at 11. So the Court granted Conifer's motion and stayed Conifer's summary judgment response deadline until 30 days after the close of discovery or the resolution of any discovery

3

disputes, whichever comes later. *See* DE 33.

## II. Issues

Kras asks the Court to reconsider its November 23 ruling, or in the alternative to certify to the Indiana Supreme Court this question: "when an insurer denies coverage, but does not file a declaratory judgment action nor continues to defend under a reservation of rights, is the insurer bound by the application of collateral estoppel to its insured's admissions under Ind. Trial Rule 36 because the admissions are matters conclusively established and therefore 'necessarily determined' in the underlying litigation?"

### A. The motion to reconsider

"A 'motion to reconsider' does not exist under the Federal Rules of Civil Procedure." *Duehning v. Aurora East Unified Sch. Dist. 131*, No. 13-5617, 2015 U.S. Dist. LEXIS 110679, *5 (N.D. Ill. Aug. 20, 2015). However, courts in the Seventh Circuit have used their "inherent power" to reconsider non-final orders. *See Brown v. Walker*, No. 06-218, 2009 U.S. Dist. LEXIS 7827, *3 (N.D. Ind. Feb. 3, 2009) ("Where no final judgment has been rendered, the Court considers a motion to reconsider under its inherent power . . .").

Reconsideration is proper where: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("Such problems rarely arise and the motion to reconsider should be equally rare.") (quotation omitted); *Ramada Franchise Sys. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02-1941, 2004 U.S. Dist. LEXIS

24036, *12 (N.D. Ill. Nov. 23, 2004) (citing *Waunakee*). A motion to reconsider serves a "limited purpose . . . it is not a vehicle to rehash an argument the court has already rejected." *Geraty v. Vill. of Antioch*, No. 09-6992, 2015 U.S. Dist. LEXIS 1785, *2 (N.D. Ill. Jan. 8, 2015);

Here, Kras says that the Court made an error of "apprehension" in its November 23 order, in the form of "a misreading of Indiana law with respect to admissions under Ind. Trial Rule 36." Kras says he "could not [have] anticipated" that such a misinterpretation "would possibly occur," so Kras asks the Court to reconsider its ruling based on the Court's "manifest error of law." Specifically, Kras says that, once a plaintiff obtains an admission, the need to prove that fact at trial is eliminated, because the fact is established automatically by operation of law. So a party's failure to respond to an admissions request makes that fact "necessarily determined" in the underlying litigation, Kras says. But Kras made these same arguments in opposing Conifer's motion to extend its summary judgment response deadline, and the Court declines to reconsider arguments that it has already rejected. *See Geraty*, 2015 U.S. Dist. LEXIS 1785 at *2; *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (judicial opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure").

### B. The motion to certify a question to the Indiana Supreme Court

A federal district court may certify a question of Indiana law to the Indiana Supreme Court. Ind. R. App. Proc. 64; *see also Puerto Rico v. Shell Oil Co.*, 56 F. Supp. 3d 568, 570 (S.D.N.Y. 2014) ("the ability of a U.S. district court to certify a question of law to a state supreme court depends largely on the law and procedures of the state receiving the question"). For certification to be proper, the case must "appear[] to . . . present[] an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." Ind. R. App. Proc. 64; *Cedar*

*Farm v. Louisville Gas and Elec. Co.*, 658 F.3d 807, 813 (7th Cir. 2011) (Rule 64 "authoriz[es] certified questions from federal courts [but] imposes two requirements: the state-law issue must be 'determinative' of the case and not governed by 'clear controlling' precedent "); *Patel v. United Fire & Cas. Co.*, 80 F. Supp. 2d 948, 955 (N.D. Ind. 2000) ("the rule's language . . . anticipates, at the very least, that the question be potentially dispositive of the case").

Arguably, there is not "clear controlling" precedent on the question at issue here. *See* DE 33 at 11 (granting Conifer's motion because "Kras has not cited—and the Court has not found—authority supporting the proposition that the [insureds'] failure to respond [to Kras's admissions requests in the state court case] binds Conifer"). But even when there is "no clear guidance" from the state court, "certification is neither mandated nor always necessary." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 673 (7th Cir. 2001). In deciding whether to certify a question, the most important consideration is whether the Court "finds itself genuinely uncertain about a question of state law that is vital to a correct disposition of the case." *Id.* (quotation omitted). Here, the Court does not find itself "genuinely uncertain" about the question at issue. Kras has not cited a single case that supports his position, and public policy counsels against it because allowing an insured's admissions to bind an insurer in a subsequent proceeding supplemental would invite collusion between insureds and tort plaintiffs. Indeed, such a rule would "cause an insurer's fate to hinge arbitrarily on the insured's decision to respond or not and would fail to guard against 'outrageous efforts to overreach' by underlying tort plaintiffs." DE 33 at 13 (quoting *Midwestern Indem. Co. v. Laikin*, 119 F. Supp. 2d 831, 842 (S.D. Ind. 2000)). The Court has already rejected that view, and the Court does not harbor "serious doubt" as to whether the Indiana Supreme Court would reach the same conclusion. *Patz v. St. Paul Fire & Marine Ins. Co.*, 15 F.3d 699, 705 (7th Cir.

1994) (certification inappropriate where there was no room for "serious doubt" about how the state's highest court would resolve the question); *see also Pate*, 275 F.3d at 672 ("At some level there is uncertainty in every application of state law. There is always a chance that a state supreme court, if it had the same case before it, might decide the case differently. [But t]his ever-present possibility is not sufficient to warrant certification.").

And even aside from how certainly or uncertainly the Indiana Supreme Court would rule on the question, Rule 64's requirements are not met regardless because the question at issue is not potentially determinative or dispositive of the case: even if the attack's precise location *was* necessarily determined by the state court lawsuit, Conifer would still be entitled to discovery on the state court judgment's reasonableness. *See* DE 33 at 13 ("[I]t would be senseless to evaluate . . . a judgment's reasonableness only where the insured responded to the tort plaintiff's admissions requests and *not* to evaluate the judgment's reasonableness where the insured ignored the admissions requests."); *see also Carpenter v. Lovell's Lounge & Grill, LLC*, 59 N.E.3d 330, 240 (Ind. Ct. App. 2016) ("Appellant's position would actually encourage insureds to engage in collusion if it was clear that no coverage was available and the insurer had not done anything to protect its interests."). So even if Kras were to "win" on certification and receive a ruling that the state court judgment necessarily determined the attack's precise location, Conifer would still be entitled to discovery, and the summary judgment briefing would remain stayed while discovery proceeds. So the question Kras proposes to certify is not potentially dispositive, and consequently the question is not appropriate for certification. Ind. R. App. Proc. 64 (certification question must "appear[] to . . . present[] an issue of state law that is determinative of the case"); *see also LTV Steel Co., Inc. v. Northwest Eng'g & Constr.*, 41 F.3d 332, 338 (7th Cir. 1994) (declining to certify because question "would not be

dispositive in this case"); *Pate*, 275 F.3d at 672 ("[o]f course, if a question may not be dispositive to a case, then it is a weak candidate for certification").

Because there is no genuine uncertainty about a question of state law that justifies certification, and because even if there were the question at issue would not be dispositive, certification would be improper.

## III. Conclusion

For the reasons above, the Court **DENIES** Kras's Motion to Reconsider and Alternative Motion to Certify Question to the Indiana Supreme Court [DE 35]. The Court also **DENIES** Kras's request, *see* DE 35 at 12, to stay discovery in this case.

SO ORDERED this 6th day of January, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record