UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NATHAN KRAS, | ) | |
|     Plaintiff/Judgment Creditor, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-224-JEM |
| | ) | |
| CONIFER INSURANCE , | ) | |
|     Garnishee-Defendant, | ) | |
| _____ | ) | |
| | ) | |
| CONIFER INSURANCE , | ) | |
|     Counter-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATHAN KRAS, | ) | |
|     Counterclaim Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Join Additional Parties and for Remand [DE 47], filed May 3, 2017. Plaintiff seeks to join as defendants in this case the entities who were defendants/judgment debtors in the underlying state court proceedings, pursuant to Federal Rule of Civil Procedure 19. On May 17, 2017, Conifer Insurance Company filed its response, and Kras filed a reply on May 23, 2017.

**I. Background**

In September 2013, Nathan Kras was shot in the leg and abdomen outside a Hammond, Indiana nightclub. Two years later, in September 2015, Kras sued the nightclub and its owners in state court, alleging negligence. The nightclub owners had insurance with Conifer Insurance Company, but Conifer denied the nightclub defendants' request for coverage for the attack. In Conifer's view, the policy provided coverage for the nightclub property only, not for the adjoining gravel parking lot where Conifer said the attack occurred. Conifer did not move for a declaratory

judgment in the state court, and the state court litigation between Kras and the nightclub defendants proceeded without Conifer's involvement.

In March 2016, Kras served 28 admissions requests on the nightclub defendants regarding the nature, extent, and amount of Kras's injuries and damages, the location of the attack, and the owners' fault with respect to the attack. In April 2016, Kras and the owners entered into a consent judgment by which the owners admitted negligence and admitted to all 28 admissions requests, and the state court entered judgment against them for $2,955,056—the amount of damages identified in the consent judgment and in the admissions requests. The consent judgment included a clause in which Kras agreed not to execute against the judgment debtors.

Having received judgment in his favor, in April 2016 Kras filed a motion for a proceeding supplemental. Kras sought to garnish $2,955,056 from Conifer in satisfaction of the state court judgment against the judgment debtors. Conifer removed the case to federal court on June 13, 2016, and thereafter filed a counterclaim for declaratory judgment on the grounds that it did not owe coverage to the judgment debtors.

Accordingly, the two claims proceeding in this Court are a garnishment proceeding to determine whether Conifer is in possessions of any assets that should be used for payment of the state court judgment, and a counterclaim for declaratory judgment that the underlying judgment debtors are not entitled to coverage from Conifer for the actions giving rise to the state suit.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II. Analysis**

Kras seeks to join the nightclub defendants, who were also judgment debtors in the underlying state court suit, as defendants in this case. Conifer argues that the judgment debtors are not necessary parties to the garnishment proceeding between Kras and Conifer.

Federal Rule of Civil Procedure 19 governs joinder of parties:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1)** *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> **(2)** *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a)(1), (2). Paragraph (b) provides:

> **(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> **(2)** the extent to which any prejudice could be lessened or avoided by:
> **(A)** protective provisions in the judgment;
> **(B)** shaping the relief; or
> **(C)** other measures;
> **(3)** whether a judgment rendered in the person's absence

>would be adequate; and
>**(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed R. Civ. P. 19(b).

Kras argues that the case must be remanded because joining the judgment debtors would destroy diversity, but that Kras may be prejudiced if the garnishment proceeds without them. The state court consent judgment contains a clause in which Kras agreed not to execute against the judgment debtors. Kras argues that there are now questions about the representations some of the judgment defendants made in their affidavits, and that some of the Rule 19(b) factors support joinder and remand: in the judgment defendants' absence Kras will not be able to determine whether to rescind the consent judgment or its non-execution clause and having to continue the process against them in state court will add years onto his ability to receive satisfaction of the judgment.

Conifer contends that the judgment debtors are not required defendants. Conifer argues that since this is a proceeding supplemental against Conifer as a Garnishee-Defendant, it is separate from the underlying liability case, and that collection against judgment debtors can still happen in the original state court action if that is appropriate.

The Court must first determine whether the judgment debtors are required parties pursuant to Rule 19(a) before determining whether or not joinder is feasible. *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 635 (7th Cir. 2009) ("Rule 19(a) addresses 'persons required to be joined if feasible,' and Rule 19(b) describes what the court must do if joinder is not feasible. The first step, however, is to identify which parties (if any) fall within the scope of the rule.") (quoting Fed. R. Civ. P. 19(a)). As Conifer argues, complete relief between Kras and Conifer as to whether Conifer has funds appropriate for garnishment can be determined without the judgment debtors, and the

4

judgment debtors' interest in Kras's garnishment proceedings against Conifer is not impeded by their absence. The enforceability of the consent judgment as between Kras and the judgment debtors is not within the scope of the garnishment proceeding brought by Kras against Conifer. Likewise, the judgment debtors' obligation to satisfy any portion of the judgment is not within the scope of the garnishment proceedings brought by Kras against Conifer.

While the judgment debtors are not necessary defendants to the garnishment claim, the same is not necessarily true of the declaratory judgment counterclaim. Kras does not address whether the judgment debtors, as the insureds in the underlying state case, are required parties as to Conifer's counterclaim seeking a declaration regarding the scope of coverage of that insurance. Conifer acknowledges in a footnote that the judgment debtors may be necessary parties for the purposes of resolving Conifer's claim for declaratory judgment. However, Conifer does not analyze the Rule 19(a) factors as they relate to the declaratory judgment counterclaim, merely pointing out that the judgment debtors' addition as counterclaim defendants would not destroy diversity. The Court is concerned that the judgment debtors may indeed be necessary parties for determination of counterclaim for declaratory judgment regarding whether the insurance policy procured by the judgment debtors as the insureds covers the injury in this case. Accordingly, additional briefing is required addressing whether the judgment debtors are required parties under Federal Rule of Civil Procedure 19(a). *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008) ("A court with proper jurisdiction may also consider *sua sponte* the absence of a required person . . ."). The Court notes that diversity between the parties will not be destroyed if the judgment debtors are added as counterclaim defendants.

Because the legal issues in the motions for summary judgment are overlapping, the Court

finds that it is not appropriate for it to rule on either pending motion until the issue of joinder is resolved. The motions for summary judgment on both the garnishment proceeding and the declaratory judgment may be refiled after the Court has determined that all required parties are in the case and have had the opportunity to address the legal arguments that may affect their interests.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Join Additional Parties and for Remand [DE 47] and **ORDERS** both parties to file briefs addressing whether the judgment debtors are required parties to the counterclaim for declaratory judgment on or before **February 16, 2018**, with responses to be filed on or before **March 2, 2018**.

The Court hereby **DENIES** Garnishee-Defendant's Motion for Summary Judgment [DE 55], Counter Defendant's Motion for Summary Judgment on Conifer Insurance Company's Declaratory Judgment Counter Claim [DE 57], and Plaintiff's Motion and Memorandum in Support to Strike Affidavit of Detective Sgt. Stephen Guernsey [DE 60], **with leave to refile** after the Court has ruled on the question of joinder.

SO ORDERED this 29th day of January, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record