**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| NATHAN KRAS, )<br>    Plaintiff/Judgment Creditor, )<br>)<br>v. )<br>)<br>CONIFER INSURANCE COMPANY, )<br>    Garnishee-Defendant, )<br>_____)<br>)<br>CONIFER INSURANCE COMPANY, )<br>    Counter-Claim Plaintiff, )<br>)<br>v. )<br>)<br>NATHAN KRAS, )<br>    Counterclaim Defendant. ) | CAUSE NO.: 2:16-CV-224-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Set Status Conference [DE 77], filed by Plaintiff Nathan Kras on September 5, 2018. Kras requests that the Court set this matter for a status conference to set deadlines in this case. On September 12, 2018, Defendant Conifer Insurance Company filed a response agreeing to a status conference but requesting that the Court first allow it to amend its counterclaim. The parties had previously filed briefing addressing the possible joinder of additional parties and how the claims in this Court should proceed as related to the state court proceedings.

**I. Background**

In September 2013, Nathan Kras was shot in the leg and abdomen outside a Hammond, Indiana nightclub. Two years later, in September 2015, Kras sued the nightclub and its owners in state court, alleging negligence. The nightclub owners had insurance with Conifer Insurance Company, but Conifer denied the nightclub defendants' request for coverage for the attack. In

Conifer's view, the policy provided coverage for the nightclub property only, not for the adjoining gravel parking lot where Conifer said the attack occurred. Conifer did not move for a declaratory judgment in the state court, and the state court litigation between Kras and the nightclub defendants proceeded without Conifer's involvement.

In March 2016, Kras served 28 admissions requests on the nightclub defendants regarding the nature, extent, and amount of Kras's injuries and damages, the location of the attack, and the owners' fault with respect to the attack. In April 2016, Kras and the owners entered into a consent judgment by which the owners admitted negligence and admitted to all 28 admissions requests, and the state court entered judgment against them for $2,955,056—the amount of damages identified in the consent judgment and in the admissions requests. The consent judgment included a clause in which Kras agreed not to execute against the judgment debtors.

Having received judgment in his favor, in April 2016 Kras filed a motion for a proceeding supplemental. Kras sought to garnish $2,955,056 from Conifer in satisfaction of the state court judgment against the judgment debtors. Conifer removed the case to federal court on June 13, 2016, and thereafter filed a counterclaim for declaratory judgment on the grounds that it did not owe coverage to the judgment debtors.

Kras then moved to join as defendants in the garnishment proceedings the entities who were defendants/judgment debtors in the underlying state court proceedings. The Court denied that Motion but ordered the parties to file additional briefing regarding whether the judgment debtors are required parties to Conifer's counterclaim for declaratory judgment.

On February 14, 2018, before filing that briefing, Kras filed a notice with the Court reporting that he had filed a motion in the state court to reopen that proceeding, rescind the consent judgment,

and vacate the judgment in that case. He represents that his claim for garnishment would then be made moot, and requests that the Court dismiss the declaratory judgment counterclaim because, once the case was reopened, there would be parallel proceedings in the state court. Kras agrees, however, that to the extent that the action for declaratory judgment continues in this case, the judgment debtors are required parties to that counterclaim.

Conifer objects to dismissal of the declaratory judgment, and in its briefing regarding joinder of parties, requests leave of Court to file an amended counterclaim adding the judgment debtors as counterclaim defendants.

As part of his Motion for Status Conference, Kras attached a state court order dated June 14, 2018, finding that the state court did not have jurisdiction over this matter and declining to rule on the motion to reopen cause, rescind the consent judgment, and vacate the judgment. In response, Conifer asserts that the consent judgment is therefore still in effect and enforceable, so that the proceedings should proceed, with the addition of the judgment debtors as counterclaim defendants.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II. Analysis**

Kras initially requested that the Court determine that the garnishment proceeding would be moot and abstain from exercising jurisdiction over the declaratory judgment action because of his request to reopen the state court proceedings. However, since the state court found that it did not have jurisdiction over the matter, the case will not be reopened and the consent judgment remains in place. Accordingly, there is no pending state court proceeding, the garnishment proceeding is not

moot, and there is no pending state court proceeding requiring abstention from this Court. The Court therefore turns to the request to amend and add parties to the counterclaim for declaratory judgment.

Conifer requests leave of Court to amend its counterclaim for declaratory judgment to add the judgment debtors as counterclaim defendants. Kras does not object. Federal Rule of Civil Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 19 governs joinder of necessary parties and provides:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> **(2) *Joinder by Court Order*.** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a)(1), (2).

Conifer argues that the judgment debtors are necessary parties to its counter claim for declaratory judgment because, without their presence, Conifer could be subjected to a substantial risk of incurring multiple or conflicting legal obligations, as they would not be bound by judgment entered in this Court and could initiate new claims against Conifer arising out of the same coverage

4

issues, leading to duplicate legal costs and the possibility of conflicting judgments. Kras agrees that the judgment debtors are necessary parties, and neither party provides any reason why joinder is not feasible. Based on the pleadings and representations submitted to the Court to this point, it appears that diversity between the parties will not be destroyed if the judgment debtors are added as counterclaim defendants. Accordingly, it is appropriate for Conifer to amend its counterclaim for declaratory judgment and add the judgment debtors as counterclaim defendants.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Conifer's request to amend its counterclaim and **ORDERS** Conifer Insurance Company to file its Amended Counterclaim for Declaratory Judgment, currently on the docket as an attachment to its briefing, on or before **October 12, 2018**, and to properly serve it on all counterclaim defendants as required by the Federal Rules of Civil Procedure. The Court **GRANTS** the Motion to Set Status Conference [DE 77] and will set this matter for a status conference after the judgment debtors have been added to this case.

SO ORDERED this 3rd day of October, 2018.

                                                      s/ John E. Martin
                                                      MAGISTRATE JUDGE JOHN E. MARTIN
                                                      UNITED STATES DISTRICT COURT

cc:    All counsel of record