# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| NATHAN KRAS,                         )    | |
|     Plaintiff/Judgment Creditor,   )    | |
|                                     )    | |
| v.                                   )    | CAUSE NO.:2:16-CV-224-JEM |
|                                     )    | |
| CONIFER INSURANCE COMPANY,           )    | |
|     Garnishee-Defendant,           )    | |
| _____)    | |
|                                     )    | |
| CONIFER INSURANCE COMPANY,           )    | |
|     Counterclaim Plaintiff,        )    | |
|                                     )    | |
| v.                                   )    | |
|                                     )    | |
| NATHAN KRAS, *et al*.,               )    | |
|     Counterclaim Defendants.      )    | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff/Counter Defendant's Motion for Relief from the Court's Order of March 16, 2020 and Judgment of March 17, 2020 [DE 135], filed April 13, 2020. Kras requests that the Court reconsider its Opinion and Order granting Conifer's motion to exclude an affidavit and granting summary judgment in favor of Conifer. Conifer filed a response on April 24, 2020, and on May 1, 2020, Kras filed a reply.

**I.  Background**

In September 2013, Nathan Kras was shot outside Dick's R U Crazy, a tavern in Hammond, Indiana. Two years later, in September 2015, Kras sued the tavern and its owners in state court, alleging negligence. The owners had insurance with Conifer Insurance Company, but Conifer denied the tavern defendants' request for coverage for the attack. Conifer did not move for a declaratory judgment in the state court, and the state court litigation between Kras and the tavern defendants

1

proceeded without Conifer's involvement. In April 2016, Kras and the owners entered into a consent judgment and the state court entered the agreed judgment against the owners, explicitly declining to include any findings in the order of judgment. Kras then filed a motion for a proceeding supplemental seeking to garnish funds from Conifer in satisfaction of the state court judgment against the judgment debtors. Conifer removed the case to this Court on June 13, 2016, and thereafter filed a counterclaim for declaratory judgment on the grounds that it did not owe coverage to the judgment debtors. On March 16, 2020, the Court granted judgment in favor of Conifer. Kras now requests that the Court reconsider that order.

**II.     Standard of Review**

>   Federal Rule of Civil Procedure 60 provides for relief from an order for:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Similarly, Rule 59(e) contemplates "a motion to alter or amend a judgment" filed within 28 days of entry of judgment. A motion brought pursuant to Federal Rule of Civil Procedure 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). Motions to reconsider do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell*

2

*Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

**III.   Analysis**

Kras first argues that the Court erred in its decision to exclude an affidavit from consideration in support of his motion for summary judgment. Kras identified Mike DeMik as a witness on June 6, 2019, but did not comply with the Rule 26 requirements for expert witness disclosures. The parties filed their motions for summary judgment on July 11, 2019, and the same day Conifer filed its motion to exclude DeMik's affidavit, arguing that he was not properly disclosed as an expert in the case. On July 25, 2019, Kras argued in response that the omitted information did not cause prejudice to Conifer, and asserts that he updated the disclosure to Conifer on that day, so his disclosure was brought into compliance as of that date. Kras argues that the Court erred in

3

excluding the affidavit from consideration in the motion for summary judgment because he corrected the error.

In response, Conifer reiterates that it did not know whether the original affidavit was a complete statement of DeMik's opinions prior to filing its motion for summary judgment, and that Kras still has not explained why he did not comply with the Rule 26 requirements initially or at any time prior to the filing of the motion to exclude. The Court concluded that it could not find that the failure to provide complete disclosures or supplement them prior to filing the motion for summary judgment was substantially justified or harmless, so Kras was prohibited from using the affidavit. Fed. R. Civ. P. 26(e)(1)(A), 37(c)(1). Kras again argues that the failure was not prejudicial to Conifer, arguing that the Court did not understand that he had supplemented the report on July 25, 2019. However, as described in the Court's Opinion and again below, Conifer is entitled to summary judgment even if Kras was shot on the property, so even if the Court were to reconsider its exclusion of DeMik's affidavit, the ultimate conclusion remains unchanged.

Kras argues that the Court erred in concluding that there is no genuine issue of material fact as to whether Kras was shot off the premises, since Kras pointed to evidence (in the form of his deposition testimony) that one of the shots occurred while he was on the relevant premises, and he argues that it is corroborated by DeMik's statement. Kras does not set forth any new evidence or point out a manifest error of law or fact. The Court found that "the only connection between [Kras's] injury and the designated premises is that he claims that he intended to patronize the business when he parked nearby, and that he went to the tavern after he was shot." Even if the Court were to allow DeMik's affidavit and accept it as true that the second shot occurred on the tavern premises, Kras "does not provide any evidence that he was shot because of anything that happened at the tavern or

4

because of anything the tavern did or did not do." Kras has not demonstrated any new evidence that would allow a reasonable factfinder to conclude "that the tavern was the efficient and predominating cause of the accident," nor has he pointed out any error in apprehension.

Kras also argues that the state court entered judgment on the issue of liability, creating a causal connection between the tavern's negligence and the injury to Kras. He argues that the state court action included counts of negligence against the tavern, and that he received judgment in his favor against the tavern, such that this Court is bound by a conclusion that the tavern owed Kras a duty and breached that duty. As the Court already explained at the beginning of this federal court action, the state court judge did not make findings of facts, merely entering judgment on the damages amount agreed to between the parties in that action. Opn. Nov. 23, 2016 [DE 33]. Kras now argues that there is a distinction between a finding of fact and a finding of negligence, and that by entering the agreed judgment amount, the state court necessarily made a finding that the tavern owners were liable because they were negligent. To the extent that Kras is arguing that the consent judgment created a genuine issue of material fact, that is an argument he could have but did not make on the initial motion, and therefore is not appropriate for a motion to reconsider. Furthermore, as the Court explained almost four years ago, the state court only entered judgment on the damages amount, explicitly declining to make any findings of fact. Kras has not identified any newly discovered evidence or misapprehension of law that would lead the Court to reconsider its grant of summary judgment, let alone its opinion of 2016. The state court did not find that the tavern breached a duty to Kras. The insurance policy issued by Conifer does not cover the injuries suffered by Kras.

5

**IV.     Conclusion**

Accordingly, the Court hereby **DENIES** Plaintiff/Counter Defendant's Motion for Relief from the Court's Order of March 16, 2020 and Judgment of March 17, 2020 [DE 135].

SO ORDERED this 4th day of September, 2020.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record